IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MOMENTUM FUNDING, LLC,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**HART LAW, LLC, THE HART LAW FIRM, P.C., and SCOTT ANTHONY ISLES HART,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO.:** |

## COMPLAINT

Plaintiff Momentum Funding, LLC, complains against Defendants Hart Law, LLC, The Hart Law Firm, P.C., and Scott Anthony Isles Hart (collectively "Defendants"), as follows:

1.

Plaintiff Momentum Funding, LLC ("Plaintiff"), is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Florida.

2.

Upon information and belief, Defendant Hart Law, LLC ("Hart Law"), is a limited liability company organized and existing under the laws of the State of

Georgia, with its principal place of business in Peachtree Corners, Georgia. Defendant Hart Law may be served with process through its registered agent Scott Hart, 3740 DaVinci Court, Suite 300, Peachtree Corners, Gwinnett County, Georgia 30092.

3.

Upon information and belief, Defendant The Hart Law Firm, P.C. ("Hart Firm"), is a professional corporation organized and existing under the laws of the State of Georgia, with its principal place of business in Peachtree Corners, Georgia. Defendant Hart Firm may be served with process through its registered agent Scott Hart, 3740 DaVinci Court, Suite 300, Peachtree Corners, Gwinnett County, Georgia 30092.

4.

Upon information and belief, Defendant Scott Anthony Isles Hart ("Hart") is an individual resident of Fulton County, Georgia. Defendant Hart may be served with process at his home address of 1807 Ballybunion Drive, Duluth, Georgia 30097, or wherever he may be found.

5.

Jurisdiction is proper based upon 28 U.S.C §1332(a), in that there is complete diversity of citizenship between Plaintiff and Defendants and because the amount in controversy exceeds $75,000.00.

6.

Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this district and are residents of Georgia.

## FACTUAL BACKGROUND

7.

Plaintiff provides non-recourse money to individuals who have legal claims. In return, Plaintiff obtains an interest in any proceeds that the individuals recover on their legal claims. Plaintiff's consumer funding helps individuals meet personal financial, medical, and household needs while they are pursuing their legal claims and helps equalize their financial position when their claims are against large defendants.

8.

Defendants, individually and/or collectively, are a law firm that represents personal injury claimants to obtain restitution for their injuries through asserting legal claims against parties responsible for the claimants' injuries.

9.

Plaintiff entered into multiple purchase agreements with Defendants' personal injury clients whereby the clients sell to Plaintiff the clients' rights in a portion of settlement or trial proceeds according to a payment schedule set forth in the agreement that is dependent on how long after the purchase of such rights that Plaintiff receives a payment. A sample agreement is attached as <u>Exhibit 1</u>.[1]

10.

Each agreement between Plaintiff and Defendants' clients included an Attorney Agreement with Defendants, whereby Defendants agreed to assist their clients in facilitating the clients' obligations under the Purchase Agreements and pay Plaintiff the amount due to Plaintiff pursuant to the Purchase Agreements out of proceeds from the recovery for Defendants' clients' personal injury claims that were deposited into Defendants' client trust account.

11.

Between approximately 2018 and 2021, Plaintiff and Defendants' clients entered into numerous written agreements for Plaintiff to purchase the proceeds of personal injury claims. Each written agreement included the Attorney Agreement with Defendants.

---

[1] The sample agreement is redacted to protect the client's privacy and to protect Plaintiff's confidential and proprietary information.

12.

Defendants paid Plaintiff pursuant to the terms of some of the agreements with some of Defendants' clients. However, Defendants failed to pay Plaintiff for approximately sixteen (16) agreements (the "unpaid agreements").

13.

Plaintiff was advised by representatives of Defendants that the cases underlying the unpaid agreements were settled. On information and belief such settlements occurred between 2020 and 2023.

14.

Defendants have failed and refused to provide status updates to Plaintiff on the unpaid agreements and on numerous other agreements entered into by Defendants' clients with Plaintiff.

15.

In total, Defendants and their clients are indebted to Plaintiff in an amount of $259,577.09 to compensate Plaintiff for its purchases of Defendants' clients' claims pursuant to the unpaid agreements. The amount due continues to increase on each separate claim until Plaintiff is paid pursuant to the agreement applicable to the claim.

16.

Plaintiff purchased claims from approximately twelve (12) additional clients of Defendants. For the additional twelve claims, Plaintiff has no information regarding the case status or whether the claims have been settled.

17.

Upon information and belief Defendants settled most, if not all, of the clients' claims underlying the unpaid agreements. On information and belief, the settlement funds for the unpaid agreements were distributed to Defendants and/or their clients, but Defendants did not pay Plaintiff.

18.

The unpaid agreements prohibited Defendants from distributing settlement funds to Defendants' clients or without first paying Plaintiff. On information and belief Defendants did, in fact, distribute settlement funds to Defendants' clients without first paying Plaintiff.

19.

Upon information and belief, Defendants received the proceeds from settlements of the claims underlying the unpaid agreements with no intention of paying Plaintiff.

20.

As a result of Defendants' actions Plaintiff has sustained damages.

## **COUNT I**
## **BREACH OF CONTRACT**

21.

Plaintiff restates and reasserts the responses in paragraphs 1 through 20 as if fully set forth herein.

22.

A valid and enforceable contract exists between Plaintiff and Defendants.

23.

Plaintiff performed its duties under the parties' agreement.

24.

Defendants were obligated to perform their duties under the parties' agreement.

25.

Defendants failed to pay the contractual amounts owed to Plaintiff.

26.

As such, Defendants are in breach of the agreement.

27.

Plaintiff has been harmed as a direct result of Defendants' breaches of contract and is entitled to recover all damages caused by Defendants' breaches.

## COUNT II
## UNJUST ENRICHMENT

28.

Plaintiff restates and reasserts the responses in paragraphs 1 through 27 as if fully set forth herein.

29.

The agreements require Defendants to pay Plaintiff the contracted amount once a claim is settled.

30.

Plaintiff made the payments to Defendants' clients with the expectation that Defendants would pay Plaintiff once the claims were settled pursuant to the terms of the agreements.

31.

Defendants' clients accepted the payments from Plaintiff.

32.

On information and belief, Defendants settled the claims and retained the funds that should have been paid to Plaintiff.

33.

Defendants have significantly benefited from retention of funds that should have been paid to Plaintiff.

34.

Defendants have failed to compensate Plaintiff for the benefits received or to provide any services in return for such benefits.

35.

Defendants would be unjustly enriched if, as the recipient of those benefits, they were not required to compensate Plaintiff in full for the benefits received.

## COUNT III
## FRAUD

36.

Plaintiff restates and reasserts the responses in paragraphs 1 through 35 as if fully set forth herein.

37.

Throughout 2022 and 2023, Defendants represented to Plaintiff that they had not settled certain claims, that they did not have status updates, and made other false representations relating to Defendants' clients' claims and the lack of payment related to the clients' claims.

38.

Defendants made these representations knowing them to be false at the time, and/or in reckless disregard of whether they were true or false representations.

39.

Defendants intended for Plaintiff to rely on their representations, to forego from pursuing payment from Defendants and their clients, and to continue to purchase Defendants' clients' claims.

40.

Plaintiff justifiably relied on these representations, and such representations were material to Plaintiff in foregoing opportunities to collect from Defendants or their clients, or to pursue payment, and to continue to purchase Defendants' clients' claims.

41.

As a direct and proximate result of Defendants' misrepresentations and deceit, Plaintiff has and will continue to suffer harm.

42.

But for Defendants' material misrepresentations, Plaintiff would have pursued collection from Defendants and/or their clients sooner and would not have continued to purchase Defendants' clients' claims.

43.

Defendants' misrepresentations constitute fraud for which Plaintiff is entitled to full payment for all amounts owed under the client agreements in an amount of $259,577.09, plus interest and any other damages sustained by Plaintiff.

## COUNT IV
## NEGLIGENT MISREPRESENTATION

44.

Plaintiff restates and reasserts the responses in paragraphs 1 through 43 as if fully set forth herein.

45.

Alternatively, Defendants negligently supplied false information to Plaintiff regarding the status of settlement of Defendants' clients' claims, Defendants' receipt of payment for those claims, and related status updates.

46.

Plaintiff reasonably relied upon the information supplied by Defendants.

47.

As a direct and proximate result of its reliance on the information supplied by Defendants, Plaintiff sustained actual economic injury in an amount of $259,577.09 plus consequential damages.

## COUNT V
## CONVERSION

48.

Plaintiff restates and reasserts the responses in paragraphs 1 through 47 as if fully set forth herein.

49.

Defendants converted money belonging to Plaintiff for their own use.

50.

On information and belief, Defendants have possession of that property (funds) or possession of other property obtained by using Plaintiff's funds.

51.

To date, Defendants have failed and refused to return Plaintiff's property.

52.

As a direct and proximate result of Defendants' conversion of Plaintiff's property, Plaintiff has sustained damages in the amount of $259,577.09, in an amount to be established at trial plus prejudgment interest.

## COUNT VI
## CONSTRUCTIVE TRUST

53.

Plaintiff restates and reasserts the responses in paragraphs 1 through 52 as if fully set forth herein.

54.

This claim is brought pursuant to O.C.G.A. § 53-12-132.

55.

Defendants have received settlement payments totaling $259,577.09 that is owed to Plaintiff under the attorney agreements.

56.

To date, Defendants have refused to make such payments to Plaintiff.

57.

It would violate established principles of equity for Defendants to retain monies that should rightfully be paid to Plaintiff.

58.

The monies Defendants owe to Plaintiff under the attorney agreements should be considered held in a constructive trust.

## COUNT VII
## ACCOUNTING

59.

Plaintiff restates and reasserts the responses in paragraphs 1 through 58 as if fully set forth herein.

60.

Despite Plaintiff's repeated demands, Defendants have intentionally denied access to and have withheld all accounting information regarding the client claims purchased by Plaintiff and Defendants' settlement of those client claims.

61.

Plaintiff requests this Court to order an accounting to determine how, when, and where Defendants obtained payments to settle client claims and how, when, and where Defendants applied the funds that are owed to Plaintiff.

## COUNT VIII
## PUNITIVE DAMAGES

62.

Plaintiff restates and reasserts the responses in paragraphs 1 through 61 as if fully set forth herein.

63.

The conduct of Defendants shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences such that an award of punitive damages against Defendants is warranted. In addition, Defendants acted with a specific intent to do harm to Plaintiff.

64.

As a direct and proximate result of Defendants' conduct, Plaintiff respectfully requests that the court award a judgment which includes punitive damages, in such amount as the court deems just.

## COUNT IX
## ATTORNEY'S FEES

65.

Plaintiff restates and reasserts the responses in paragraphs 1 through 64 as if fully set forth herein.

66.

Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

67.

Plaintiff is entitled to recover its attorney's fees and costs of litigation from Defendants pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Enter judgment in favor of Plaintiff and against Defendants on all claims asserted against Defendants;

(b) Enter judgment in favor of Plaintiff and against Defendants for fraud;

(c) Alternatively, enter judgment in favor of Plaintiff and against Defendants for negligent misrepresentation;

(d) Award Plaintiff damages in an amount to compensate it for its losses, in an amount not less than $259,577.09, plus incidental and consequential damages, interest and costs;

(e) Enter judgment in favor of Plaintiff and against Defendants for punitive damages in an amount to be determined at trial;

(f) Award Plaintiff its attorney's fees and costs of litigation pursuant to O.C.G.A. § 13-6-11; and

(g) Grant such further relief as is just and appropriate.

This 16th day of August, 2024.

                                        */s/ Deborah Shelles Cameron*
                                        Deborah Shelles Cameron
                                        Georgia Bar No. 105369

                                        *Attorney for Plaintiff*
                                        *Momentum Funding, LLC*

MOZLEY, FINLAYSON & LOGGINS LLP
1050 Crown Pointe Parkway, Suite 1500
Atlanta, GA  30338-7704
(404) 256-0700 (telephone)
dcameron@MFLlaw.com